08/23/2007 12:00 FAX  4153312738          LAW OFFICES DE BONNER

1   CHARLES A. BONNER, ESQ. (SB# 85413)
    A. CABRAL BONNER, ESQ. (SB# 247528)
2   **LAW OFFICES OF CHARLES A. BONNER**
    1913 BRIDGEWAY
3   SAUSALITO, CA 94965
    TEL: (415) 331-3070
4   FAX: (415) 331-2738

5   ATTORNEYS FOR PLAINTIFF
    JULIE HOWLETT
6
                                E-filing
7
8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10
11   JULIE HOWLETT,                          **C. No: 07  4370**

12          Plaintiff,                        **COMPLAINT FOR DAMAGES**

13      v.                                    1   **VIOLATION OF CIVIL
                                                  RIGHTS (42 U.S.C. § 1983);**
     COUNTY OF MARIN; MARIN COUNTY
14   SHERIFF'S DEPARTMENT; ROBERT T.         2   **VIOLATION OF CIVIL
     DOYLE Marin County Sheriff; OFFICER         RIGHTS (42 U.S.C. § 1985)**
15   ANDREI SMIRNOFF; DEPUTY                 3   **THE UNRUH CIVIL RIGHTS
     JENNIFER CETRANGOLO; DEPUTY                 ACT (CAL. CIVIL CODE §52.1);**
16   NICOLE SORDI; DEPUTY STEPHANIE         4   **ASSAULT;**
     TRIPP; and DOES 1 through 100 inclusive, 5   **BATTERY;**
17                                            6   **INTENTIONAL INFLICTION
            Defendants.                           OF EMOTIONAL DISTRESS;**
18                                            7   **NEGLIGENT TRAINING
                                                  HIRING, DISCIPLINE and**
19   _____/           **RETENTION**

20                                            **Jury Trial Demanded**

21                          **INTRODUCTION**

22      1.   This is a complaint for damages against: THE COUNTY OF MARIN (hereinafter

23   'DEFENDANT COUNTY'); MARIN COUNTY SHERIFF'S DEPARTMENT(hereinafter

24   'DEFENDANT SHERIFF'S DEPARTMENT'); ROBERT T. DOYLE, Marin County Sheriff

25   (hereinafter 'DEFENDANT DOYLE'); OFFICER ANDREI SMIRNOFF (hereinafter

26   'DEFENDANT SMIRNOFF'); DEPUTY JENNIFER CETRANGOLO (hereinafter 'DEFENDANT

27   CETRANGOLO'); DEPUTY NICOLE SORDI (hereinafter 'DEFENDANT SORDI') ; and

28   DEPUTY STEPHANIE TRIPP (hereinafter 'DEFENDANT TRIPP') for violations of Plaintiff's

     COMPLAINT                                                              1

1    constitutional and common law rights.  Plaintiff alleges that DEFENDANTS SMIRNOFF,
2    CETRANGOLO SORDI, and TRIPP (hereinafter collectively referred to as 'DEFENDANT
3    DEPUTIES'), and each of them, used excessive and unnecessary force on Plaintiff when she was
4    being held in the Marin County Jail.  The DEFENDANT DEPUTIES viciously swept Plaintiff's leg
5    out from under her and then held her down, applying so much pressure to her thigh that the
6    Defendants broke bones in Plaintiff's leg and knee and tore her meniscus.  As a result of the
7    unnecessary and excessive force used by the DEFENDANT DEPUTIES, Ms. Howlett suffered
8    severe and permanent damage to her left leg. Plaintiff further alleges that Defendants COUNTY OF
9    MARIN, MARIN COUNTY SHERIFF'S DEPARTMENT, and ROBERT T. DOYLE, Marin
10   County Sheriff are liable for failing to adequately train and supervise the Sheriff's Deputies and for
11   the customs and practice of allowing Sheriff's deputies to use unnecessary and excessive force.

12                                **STATEMENT OF FACTS**

13        2.      On or about February 11, 2007, at approximately 9:30 p.m., Plaintiff, JULIE
14   HOWLETT, was on the steps of her home in Sausalito, CA.  Two of Ms. Howlett's friends had
15   dropped her off at the stairs leading up to her home.  Ms. Howlett had been drinking at a local bar
16   and was intoxicated. Even though Ms. Howlett was on the steps of her apartment, officers from the
17   Sausalito Police Department arrested her for being drunk in public.  The officers then transported
18   her to the Marin County Jail.  The Marin County District Attorney has not charged Ms. Howlett with
19   being drunk in public.

20        3.      In the early morning hours of February 12, 2007, Ms. Howlett awoke and discovered
21   that she was incarcerated in the Detoxification Cell of the Marin County Jail.  When she cried out
22   to have someone explain to her the circumstance behind her incarceration, DEFENDANT
23   SMIRNOFF and Deputy Colin Medalie, entered the cell and put Ms. Howlett in an arm bar.  They
24   then pulled her out of the Detoxification cell.  Once out of the Detoxification Cell, DEFENDANT
25   CETRANGOLO took control of Ms. Howlett's arm from Deputy Medalie.  DEFENDANTS
26   CETRANGOLO AND SMIRNOFF then moved Ms. Howlett into a Safety Cell. Once in the Safety
27   Cell, DEFENDANT SMIRNOFF used a leg sweep to force Ms. Howlett to the ground.  Once Ms.
28   Howlett was on the ground, DEFENDANTS CETRANGOLO, SORDI, TRIPP held Ms. Howlett

1  down and forcibly stripped her clothes off of her body. Ms. Howlett continually repeated words that
2  indicated her willingness to comply with the deputies.

3    4.    While the deputies were forcibly removing Ms. Howlett's clothing, one deputy was
4  holding Ms. Howlett down, applying pressure to Ms. Howllett's left leg with her knee. Ms. Howlett
5  pleaded with the deputy to lessen the pressure that she was exerting on her leg. Ms. Howlett
6  screamed out to the deputy that she was breaking her leg, but the deputy refused to lessen the
7  pressure that she was exerting. As the pressure increased, Ms. Howlett heard a popping noise from
8  her leg. The deputies finally released Ms. Howlett after they had stripped off all of her clothes.

9    5.    Ms. Howlett then lay in her cell crying out to the deputies that her leg was broken or
10 dislocated. The deputies ignored her calls for help. At one point, Ms. Howlett tried to stand,
11 however, due to the intense pain in her leg she was not able to. After twenty minutes, Ms. Howlett
12 was able to convince the deputies that the damage to her leg was legitimate. The deputies called in
13 a nurse and ultimately transferred Ms. Howlett to Marin General Hospital.

14   6.    As a result of the unnecessary and excessive force used by the Sheriff's Deputies, Ms.
15 Howlett suffered severe and permanent damage to her left leg. Ms. Howeltt has already had to have
16 one surgery on her left leg to repair a fracture in her tibia, damage to her meniscus and torn cartilage.
17 She now faces a grim prognosis. Without adequate physical therapy she may require an additional
18 surgery and may never return to her pre-injury level of mobility.

19                                    **JURISDICTION**

20   7.    This action is brought pursuant to the laws of the State of California, California Civil
21 Code §52.1, 42 U.S.C. §§ 1983, 1988 and the Fourth, and Fourteenth Amendments to the United
22 States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331, and 1341 (3) and (4) and the
23 aforementioned constitutional statutory provisions.

24                                       **VENUE**

25   8.    Venue is proper in this judicial district because Plaintiff's injuries, damages and harm,
26 including the violation of Plaintiff's Civil Rights occurred in this judicial district. Further, one or
27 more of the DEFENDANT'S reside and conduct business in this judicial district.

28                                      **PARTIES**

COMPLAINT                                                                        3

1        9.    At all times herein mentioned, Plaintiff, JULIE HOWLETT, was and is a resident of
2    Sausalito, County of Marin, State of California.

3        10.   At all times herein mentioned, DEFENDANTS SMIRNOFF, CETRANGOLO
4    SORDI, and TRIPP were the employees, agents, servants, subcontractors, or other representatives
5    of the Board of Supervisors for the County of Marin, and in doing the things alleged hereinafter,
6    were acting in the course and scope of their employment, agency, or other representation, and with
7    the permission and consent of the Board of Supervisors for the County of Marin and the Marin
8    County Sheriff's Department.

9        11.   At all times herein mentioned, DEFENDANTS SMIRNOFF, CETRANGOLO
10   SORDI, and TRIPP were acting under color of law, to wit: under the color of the statutes,
11   ordinances, regulations, policies, customs, and usages of the State of California and the County of
12   Marin.

13       12.   The County of Marin is a municipality duly incorporated under the laws of the State
14   of California.

15   **DOE DEFENDANTS**

16       13.   Plaintiff is ignorant of the true names and capacities, whether individual, corporate,
17   associate, or otherwise of DEFENDANT Does 1 through 100 inclusive and therefore sue these
18   DEFENDANTS by such fictitious names. Plaintiff will amend her complaint to allege their true
19   names and capacities when this has been ascertained. Plaintiff is informed and believe and thereon
20   allege these named DEFENDANTS, and each of them, are legally responsible in some manner for
21   the occurrences herein alleged, and that DEFENDANTS legally caused Plaintiff's injuries and
22   damages as herein alleged.

23   **RESPONDEAT SUPERIOR**

24       14.   All of the described conduct, acts, and failures to act are attributed to agents and
25   employees under the direction and control, and with the permission, consent, ratification and
26   authorization of DEFENDANTS. Said acts, conduct and failures to act were within the scope of
27   such agency and employment. At all times relevant herein, each participant was acting within the
28   course and scope of his or her employment.

COMPLAINT                                                                                          4

1     15.     DEFENDANT COUNTY OF MARIN is responsible for the actions, policies and

2 practices of its agents and employees. At all relevant times, DEFENDANT COUNTY OF MARIN

3 was and continue to be responsible for assuring that the actions of its agents and employees comply

4 with the United States and California Constitutions, Federal and State civil rights laws, other statutes

5 and common law.

6                      **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7     16.     Before invoking the jurisdiction of this Court, on May 3, 2007, Plaintiff filed a claim

8 for personal injuries with the COUNTY OF MARIN, pursuant to Government Code Section 910.

9 The COUNTY OF MARIN denied Plaintiff's claim on May 31, 2007.

10                      **FIRST CAUSE OF ACTION**
          **(VIOLATION OF UNITED STATES CIVIL RIGHTS LAWS)**
11           **(42 U.S.C. Section 1983; Use of Excessive Force)**
                **Against all Defendants**
12     17.     Plaintiff re-alleges and incorporates by reference herein, the proceeding paragraphs

13 of this complaint as though fully set forth herein.

14     18.     At all times herein mentioned, DEFENDANTS had an obligation to comply with the

15 due process requirements set forth in the Fourth and Fourteenth Amendment to the United States

16 Constitution. DEFENDANTS failed to meet this requirement with respect to Ms. Howlett.

17     19.     On or about February 12, 2007, DEFENDANTS used unnecessary and excessive

18 force on Plaintiff. DEFENDANTS held Plaintiff down on the ground. One of the officers pushed

19 her knee into the Plaintiff's thigh with enough force to break the Plaintiff's leg and knee and cause

20 tearing of the cartilage around the knee. During the ordeal Plaintiff called out to the officers that

21 they were breaking her leg. Despite her cries the Defendants did not lessen the pressure they were

22 exerting on Plaintiff's leg. As a result of the Defendant's unnecessary and excessive force, Plaintiff

23 has permanent injuries to her leg. She has already undergone one surgery and will likely need at

24 least two more in the future. At the time of the incident Plaintiff was 5 foot 5 inches tall and

25 weighed approximately 125 lbs. There is no justification for why four Sheriff's deputies had to

26 break her leg.

27     20.     At all times herein relevant, DEFENDANTS SMIRNOFF, CETRANGOLO, SORDI,

28 and TRIPP were employees of DEFENDANT SHERIFF'S DEPARTMENT and DEFENDANT

1  MARIN COUNTY.

2       21.    At all times herein relevant, DEFENDANTS SMIRNOFF, CETRANGOLO, SORDI,
3  and TRIPP acted or purported to act within the course and scope of their employment and under
4  color of law.

5       22.    In the conduct described above,, DEFENDANTS SMIRNOFF, CETRANGOLO,
6  SORDI, and TRIPP acted willfully, wantonly, maliciously, oppressively, and with conscious
7  disregard and deliberate indifference for Plaintiff' rights and are therefore liable for punitive
8  damages.

9       23.    As a legal cause of DEFENDANTS' practices, conduct and acts alleged herein, Ms.
10  Howlett was denied her Federal Constitutional rights, and as a legal cause, she suffered, and
11  continues to suffer, mental, emotional, physical and psychological distress, humiliation,
12  embarrassment, anxiety, and pain.

13       **WHEREFORE**, Plaintiff requests relief as hereinafter provided.

14                          **SECOND CAUSE OF ACTION**
                **(VIOLATION OF UNITED STATES CIVIL RIGHTS LAWS)**
15                   **(42 U.S.C. Section 1985 and 1983)**
                          **Against all Defendants**
16
        24.    Plaintiff re-alleges and incorporates by reference herein, the proceeding paragraphs
17
     of this complaint as though fully set forth herein.
18
        25.    Plaintiffs are informed and believe and thereon allege that DEFENDANT DEPUTIES
19
     agreed and conspired to brutally and unlawfully break Ms. Howlett's leg.
20
        26.    Plaintiffs are informed and believe and thereon allege that Defendants agreed and
21
     conspired to fabricate false incident reports regarding the incidents surrounding the February 11,
22
     2007 attack on Ms. Howlett.
23
        27.    By means of their brutal and unlawful breaking of Ms. Howlett's leg, DEFENDANTS
24
     conspired to interfere with Ms. Howlett's civil rights and deprived her of liberty without due process
25
     of law, in violation of the Fourth and Fourteenth Amendments o the Constitution of the United States
26
     and 42 U.S.C, Sections 1983 and 1985.
27
        **WHEREFORE**, Plaintiff requests relief as hereinafter provided.
28

COMPLAINT                                                                                    6

1
2
3

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
(Cal. Civil Code § 52.1)
**Against all Defendants**

      28.    Plaintiff re-alleges and incorporates by reference herein, the proceeding

4   paragraphs of this complaint as though fully set forth herein.

5      29.    DEFENDANTS interfered with Ms. Howlett's exercise and enjoyment of rights

6   secured by the Constitution and the laws of the United States, and rights secured by the

7   Constitution and laws of this state in violation of California Civil Code §52.1of the Unruh Civil

8   Rights Act.

9      30.    As a legal cause of DEFENDANTS' practices, conduct and acts alleged herein,

10   Ms. Howlett was denied her State rights, and as a legal cause, she suffered, and continues to

11   suffer, mental, emotional, physical and psychological distress, humiliation, embarrassment,

12   anxiety, and pain.

13      **WHEREFORE**, Plaintiff requests relief as hereinafter provided.

14
15

**FOURTH CAUSE OF ACTION**
(ASSAULT AND BATTERY)
**Against All Defendants**

16      31.    Plaintiff re-alleges and incorporates by reference herein, the proceeding

17   paragraphs of this complaint as though fully set forth herein.

18      32.    At the time of the incident, DEFENDANTS SMIRNOFF, CETRANGOLO,

19   SORDI, and TRIPP were acting as Sheriff's Deputies for DEFENDANT SHERIFF'S

20   DEPARTMENT and DEFENDANT COUNTY.

21      33.    DEFENDANTS SMIRNOFF, CETRANGOLO, SORDI, and TRIPP assaulted

22   and battered Ms. Howlett and subjected her to harmful and offensive touching without her

23   agreement and consent.

24      34.    As a result of the assault and battery, Plaintiff suffered damages as aforesaid.

25      **WHEREFORE**, Plaintiff requests relief as hereinafter provided.

26
27
28

**FIFTH CAUSE OF ACTION**
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
**Against All Defendants**

      35.    Plaintiff re-alleges and incorporates by reference herein, the proceeding

COMPLAINT                                                                                           7

1 | paragraphs of this complaint as though fully set forth herein.

2 | 36.     That by reason of the DEFENDANTS' extreme, outrageous and unwarranted

3 | intentional acts as herein above alleged, Ms. Howlett was caused to suffer severe mental,

4 | emotional, and psychic distress, humiliation, embarrassment, fear, anxiety, depression and

5 | extreme shock.

6 | **WHEREFORE**, Plaintiff requests relief as hereinafter provided.

7 |
8 | ## SIXTH CAUSE OF ACTION
(NEGLIGENT TRAINING HIRING, DISCIPLINE and RETENTION)
Against COUNTY OF MARIN; MARIN COUNTY SHERIFF'S DEPARTMENT; and SHERIFF ROBERT T. DOYLE

9 |
10 | 37.     Plaintiff re-alleges and incorporates by reference herein, the proceeding
paragraphs of this complaint as though fully set forth herein.

11 |
12 | 38.     On or about February 9, 2002, during the course of their employment
DEFENDANT OFFICERS recklessly, unlawfully, and negligently inflicted fear and violence
13 | upon Plaintiff.

14 |
15 | 39.     DEFENDANTS COUNTY OF MARIN, MARIN COUNTY SHERIFF'S
DEPARTMENT' and SHERIFF ROBERT T. DOYLE were negligent in failing to afford
16 | DEFENDANT DEPUTIES the proper and special training necessary for the duties they could
17 | foreseeably expect them to perform in the course of their employment in that DEFENDANT
18 | DEPUTIES received inadequate training in regards to handling individuals in their custody.
19 | Further, DEFENDANTS COUNTY OF MARIN, MARIN COUNTY SHERIFF'S
20 | DEPARTMENT' and SHERIFF ROBERT T. DOYLE negligently retained and neglected to
21 | discipline DEFENDANT DEPUTIES following repeated complaints for use of excessive force
22 | by said DEFENDANT DEPUTIES.

23 |
24 | 40.     As a direct and proximate result of the failure to adequately train DEFENDANT
DEPUTIES, Ms. Howlett suffered unnecessary and excessive force which included the
25 | DEFENDANT DEPUTIES breaking her leg and knee and tearing cartilage around her knee,
26 | causing Ms. Howlett to suffer severe physical, mental and emotional pain, and other damages,
27 | including permanent lifelong injuries.
28 |

COMPLAINT                                                                                    8

1    **WHEREFORE**, Plaintiff requests relief as hereinafter provided.

2    **PRAYER FOR RELIEF**

3        1.    For economic and non-economic damages in the amount according to proof at

4              trial.

5        2.    For punitive damages against Defendant Individual Officers in an amount

6              according to proof.

7        3.    For costs of the suit including reasonable attorney's fees;

8        4.    For prejudgment interest at the prevailing legal rate;

9        5.    For such other and further relief as the Court may deem proper.

10   DATED: 8/23/2007

11

12                              **LAW OFFICES OF BONNER AND BONNER**

13

14

15

16                              A. CABRAL BONNER,
                                ATTORNEY FOR PLAINTIFF

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                                 9