PATRICK K. FAULKNER, COUNTY COUNSEL
Renee Giacomini Brewer, SBN 173012
3501 Civic Center Drive, Room 303
San Rafael, CA 94903
Tel.: (415) 499-6117, Fax: (415) 499-3796

Attorney(s) for the County of Marin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| JULIE HOWLETT,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN, MARIN COUNTY SHERIFF'S DEPARTMENT, ROBERT T. DOYLE, Marin County Sheriff; OFFICER ANDREI SMIRNOFF; DEPUTY JENNNIFER CETRANGOLO; DEPUTY NICOLE SORDI; DEPUTY STEPHANIE TRIPP; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: C 07-04370 WHA<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: November 29, 2007<br>Time: 11:00 a.m.<br>Place: Crtrm 9<br>Judge: Hon. William Alsup |

The parties in the above-entitled action submit this initial Case Management Statement and Proposed Order and request the Court to adopt it as its further Case Management Order in this case.

DESCRIPTION OF THE CASE

1. **A brief description of the events underlying the action:**

**Plaintiff's brief description:**

Jt. CMC Statement
Case No. C07-4370
25513

1

On or about February 11, 2007, at approximately 9:30 p.m., Plaintiff Julie Howlett was on the steps of her home in Sausalito, CA. Two of Ms. Howlett's friends had dropped her off at the stairs leading up to her home. Ms. Howlett had been drinking at a local bar and was intoxicated. Even though Ms. Howlett was on the steps of her apartment, officers from the Sausalito Police Department arrested her for being drunk in public.

In the early morning hours of February 12, 2007, Ms. Howlett awoke and discovered that she was incarcerated in the Detoxification Cell of the Marin County Jail. When she cried out to have someone explain to her the circumstance behind her incarceration, Marin County Sheriffs Deputies entered the cell and put Ms. Howlett in an arm bar. They then pulled her out of the Detoxification cell. Once out of the Detoxification Cell, Defendant Deputy Cetrangolo took control of Ms. Howlett's arm from Deputy Medalie. The deputies then moved Ms. Howlett into a Safety Cell. Once in the Safety Cell, Deputy Smirnoff used a leg sweep to force Ms. Howlett to the ground. Once Ms. Howlett was on the ground, Deputies held Ms. Howlett down and forcibly stripped her clothes off of her body. Ms. Howlett continually repeated words that indicated her willingness to comply with the deputies.

While the deputies were forcibly removing Ms. Howlett's clothing, one deputy was holding Ms. Howlett down, applying pressure to Ms. Howlett's left leg with her knees. Ms. Howlett pleaded with the deputy to lessen the pressure that she was exerting on her leg. Ms. Howlett screamed out to the deputy that she was breaking her leg, but the deputy refused to lessen the pressure that she was exerting. As the pressure increased, Ms. Howlett heard a popping noise from her leg. The deputies finally released Ms. Howlett after they had stripped off all of her clothes.

Ms. Howlett then lay in her cell crying out to the deputies that her leg was broken or dislocated. The deputies ignored her calls for help. At one point, Ms. Howlett tried to stand; however, due to the intense pain in her leg she was not able to. After twenty minutes, Ms. Howlett was able to convince the deputies that the damage to her leg was legitimate. The deputies called in a nurse and ultimately transferred Ms. Howlett to Marin General Hospital.

**2  Defendant's brief description:**

Jt. CMC Statement
Case No. C07-4370
25513

2

On Sunday, February 11, 2007, at approximately 9:30 p.m., Officer Georges Thomas of the Sausalito Police Department was dispatched to 140 Cypress Place regarding an intoxicated female sitting on the front staircase. He arrived on the scene and contacted Julie Howlett. He noticed that Ms. Howlett displayed symptoms of intoxication. While Officer Thomas was speaking to Howlett she started to cry and say, "You are scary. You are scaring me." Ms. Howlett further stated, "I have done nothing wrong, I live here. Let me knock on the door." She told the Police Officer that she lived at 1199 Cypress, then stated 190 Cypress. Officer Georges came to the conclusion that Ms. Howlett was intoxicated past the point of self-care. Based on this fact, he placed Ms. Howlett under arrest for public intoxication. While being handcuffed, Ms. Howlett became physically uncooperative and attempted to pull away from Sausalito Police Department Officers. She had to be placed into a control hold in order to be handcuffed. After being handcuffed, Ms. Howlett began to passively resist. She refused to stand or walk upon commands from Sausalito Police Department Officers. She fell to her knees and refused to move at all. She was subsequently placed into the Body Guard Restraint System for her safety, the safety of the Officers on scene, and in order to safely transport her to the patrol vehicle. She was then transported to the Marin County Jail and booked for public intoxication. Marin County Jail staff removed the Body Guard Restraint System from Ms. Howlett.

Plaintiff was placed in the sobering cell. When she awakened she became verbally and physically resistive, just as she had been during her arrest.

**3   The principal factual issues which the parties dispute:**

a. Whether Defendants violated 42 U.S.C. Section 1983, Use of excessive force.;

b. Whether Defendants Violated Plaintiff's Civil Rights (42 U.S.C. Sections 1985 and 1983);

c. Whether Defendants Violated the State Unruh Civil Rights Act;

d. Whether Defendants Committed Assault and Battery;

e. Whether Defendants Committed Intentional Infliction of Emotional Distress;

f. Whether Defendants were Negligently Hired, Disciplined and Retained;

g. Whether plaintiff's alleged damages were caused by the actions of defendants.

h.  The nature and extent of Plaintiff's Injuries.

4. **The principal legal issues which the party's dispute:**

   a.  Whether Defendants are immune from liability for their actions;

   b.  Whether plaintiff's civil rights were violated.

5. **The other factual issues which remain unresolved:**

   The parties do not anticipate any other unresolved factual issues.

6. **The parties which have not been served and the reason:**

   None.

7. **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

   None.

**ALTERNATIVE DISPUTE RESOLUTIONS**

8. **The ADR process to which the parties jointly request referral:**

   The parties have agreed to mediation.

## DISCLOSURES

9  **Plaintiff certifies he has made the following disclosures:**

   Defendants certified that they have not served any disclosures

10. **Plaintiff and Defendants agree to the following discovery plan.**

A) All interrogatories, requests for admissions, requests for production of documents to be served on or by April 30 2008;

B) Depositions of all parties to be completed on or by April 30, 2008;

C) Deposition of witnesses to be completed by April 30, 2008;

D) Independent Medical Examination of Plaintiff's alleged injuries to be completed by April 30, 2008.

**TRIAL SCHEDULE**

Jt. CMC Statement                                4
Case No. C07-4370
25513

**12.**   **The parties request a trial date as follows:**

October, 2008.

**13.**   **The parties expect that the trial will last for the following number of days:**

5 days

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: 11/20/2007            /s/ A. Cabral Bonner
                             A. CABRAL BONNER
                             ATTORNEY FOR PLAINTIFF

Dated: 11/21/07              RENEE GIACOMINI BREWER
                             ATTORNEY FOR DEFENDANTS

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

    a.   Referral of the parties to court or private ADR process;

    b.   Schedule a further Case Management Conference;

    c.   Schedule the time and content of supplemental disclosures;

    d.   Specially set motions:

    e.   Impose limitations on disclosure or discovery;

    f.   Set time for disclosure of identity, background and options of experts;

    g.   Set deadlines for completing fact and expert discovery;

    h.   Set time for parties to meet and confer regarding pretrial submissions;

    i.   Set deadline for hearing motions directed to the merits of the case;

1      j.      Set deadline for submission of pretrial material;

2      k.      Set date and time for pretrial conference;

3      l.      Set a date and time for trial.

The Case Management Statement and Proposed Order is hereby adopted by the court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the court orders:

     a.      Referral of the parties to court or private ADR process;

     b.      Schedule a further Case Management Conference;

     c.      Schedule the time and content of supplemental disclosures;

     d.      Specially set motions:

     e.      Impose limitations on disclosure or discovery:

     f.      Set time for disclosure of identity, background and options of experts;

     g.      Set deadlines for completing fact and expert discovery;

     h.      Set time for parties to meet and confer regarding pretrial submissions:

     I.      Set deadline for hearing motions directed to the merits of the case;

     j.      Set deadline for submission of pretrial material;

     k.      Set date and time for pretrial conference:

     l.      Set a date and time for trial.

Dated:

_____
NORTHERN DISTRICT COURT JUDGE