Matthew N. White (SBN 088336)
**LAW AND MEDIATION OFFICES OF MATTHEW N. WHITE**
Courthouse Square, Suite 600
1000 Fourth Street
San Rafael, CA  94901-3182
Telephone:  (415) 453-1010
Facsimile:   (415) 456-1921
Email:        matt@mattwhitelaw.com

**Attorneys for Plaintiff JULIE HOWLETT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIE HOWLETT,<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF MARIN; MARIN COUNTY SHERIFF'S DEPARTMENT; et al.,<br><br>  Defendants. | Case No. CV-07-04370 WHA<br><br>**DECLARATION OF MATTHEW N. WHITE IN SUPPORT OF MOTION TO ENLARGE TIME**<br>(F.R.C.P. Rule 6(b))<br><br>Date:   09/11/2008<br>Time:  8:00 a.m.<br>Ctrm:  9, 19th Floor<br>Judge: Hon. William H. Alsup |

I, Matthew N. White, say:

1.   I am now the attorney for plaintiff, Julia Howlett.  The "substitution of attorneys" was filed with the court on August 25, 2008.  I do not know whether the court has yet approved the substitution.

2.   This is an action for civil rights violations and personal injuries.  In essence, plaintiff alleges that sheriff's deputies used excessive force against her while she was in custody at the county jail for alleged "public intoxication."  Plaintiff alleges that the deputies broke her leg, causing serious and permanent injuries.

3.   The final pretrial conference is set for November 10, 2008.  Trial is set for November 17, 2008.

4.  I first received the file in this case from previous counsel on Friday, August 22, 2008. I spent Friday afternoon and part of Monday (August 25) reviewing the file.

5.  In reviewing the file, it is clear to me that a great deal of work needs to be done on both sides in order to prepare this case for trial. Although there has been some informal exchange of information, there has been very little formal discovery. Plaintiff answered one set of interrogatories and responded to one set of requests for production. No depositions have been taken by either party.

6.  In January 2008, the parties prepared a "joint deposition list," identifying 41 persons to be deposed. In my view, not all of the identified persons must be deposed, but many of these depositions are required in order to prepare properly for trial. As I learn more about the file and the claim, I will be in a better position to know exactly which of these persons will need to be deposed. However, it seems imperative, for example, that plaintiff should take the depositions of the sheriff's deputies who either participated in the incident that resulted in plaintiff's injuries, or were present at the time. Plaintiff should take the depositions of the arresting officers who took plaintiff to the county jail, where the incident took place. I would also expect that defendants want to take the deposition of plaintiff, which has not yet occurred. Although both plaintiff's treating physician and defendant's retained medical examiner agree on the need for some further treatment, the details of that treatment (what will be required? when will it be required? how much will it cost?) remain in dispute. These physicians should also be deposed.

LAW OFFICES OF
MATTHEW N. WHITE
COURTHOUSE SQUARE, SUITE 600
1000 FOURTH STREET
SAN RAFAEL, CA 94901-3182
TELEPHONE (415) 453-1010
FACSIMILE (415) 456-1921

*Julie Howlett v. County of Marin; et al.* – U.S. Northern District Court Case No. CV-07-04370 WHA
Declaration of Matthew N. White in Support of Motion to Enlarge Time - Page 2

7. Under the existing deadline, established in the Case Management Order of November 29, 2007, all discovery is to be complete by August 29, 2008, two days from the date I am preparing this declaration, and four days after I submitted the substitution of attorneys. I must concede some surprise that I have stepped into a case that, without relief from the court, will proceed to trial without any depositions and, perhaps, without expert witnesses.

8. Perhaps on the assumption that the motion to continue would be granted, neither side has prepared or served its initial expert witness disclosure. In the few days I have had this file, I have tried to move quickly; I have already talked to and agreed to retain two experts, one on liability and one on damages. However, it will not be possible to obtain and submit FRCP 26(a)(2) reports and disclosures as to these retained experts before the existing deadline for disclosure, which is August 29, 2008.

9. In its Order Denying Stipulation to Enlarge Time of August 22, 2008, the court expressed concern that extending the time for discovery would derail the summary judgment process. To my knowledge, and from my review of the file, neither party has filed a motion for summary judgment or other dispositive motion. Plaintiff does not anticipate filing such a motion. Although I cannot speak for defendants, it seems clear to me that there are sufficient factual questions to preclude summary judgment, and I do not anticipate that defendants will request it.

10. Plaintiff therefore renews her request for an extension of deadlines and a continuance of the trial date. Plaintiff requests the following schedule, subject to the court's schedule and availability:

LAW OFFICES OF
MATTHEW N. WHITE
COURTHOUSE SQUARE, SUITE 600
1000 FOURTH STREET
SAN RAFAEL, CA 94901-3182
TELEPHONE (415) 453-1010
FACSIMILE (415) 456-1921

*Julie Howlett v. County of Marin; et al.* – U.S. Northern District Court Case No. CV-07-04370 WHA
Declaration of Matthew N. White in Support of Motion to Enlarge Time - Page 3

A. Percipient depositions and written discovery to be complete within 90 days (approximately November 30, 2008).

B. Expert disclosure to take place no later than 30 days following the close of non-expert discovery (approximately December 30, 2008).

C. Expert depositions to be completed no later than 15 days following disclosure (approximately January 15, 2009).

D. Trial to be set 15 days following close of expert depositions (approximately January 30, 2009. As noted above, the trial is now set for November 17, 2008.

11. The requested extensions will allow me to become familiar with the case, to conduct needed discovery, and to make meaningful efforts to resolve the case without the need for trial. I commit to moving this case forward and expeditiously.

12. I would be pleased to appear before the Court to answer any questions about this request for extension, including questions about the circumstances of my entering the case as counsel for plaintiff.

13. On August 27, 2008, I met with defense counsel, deputy County Counsel Renee Giacomini Brewer. She does not oppose the request for extension.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on August 27, 2008, at San Rafael, California.

_____/s/_____
MATTHEW N. WHITE
Attorney for Plaintiff HOWLETT

LAW OFFICES OF
MATTHEW N. WHITE
COURTHOUSE SQUARE, SUITE 600
1000 FOURTH STREET
SAN RAFAEL, CA 94901-3182
TELEPHONE (415) 453-1010
FACSIMILE (415) 456-1921

*Julie Howlett v. County of Marin; et al.* – U.S. Northern District Court Case No. CV-07-04370 WHA
Declaration of Matthew N. White in Support of Motion to Enlarge Time - Page 4